THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CASANDRA TINGEY,<br><br>   **Plaintiff/Counter-Defendant,**<br><br>v.<br><br>**MIDWEST OFFICE, INC., dba MIDWEST COMMERCIAL INTERIORS dba MID-WEST OFFICE-INTERIOR SYSTEMS dba MIDWEST OFFICE dba BARGAIN OFFICE OUTFITTERS; JEREMY BRADLEY; SEAN WRIGHT; MARSHALL TATE, and TAMI SHULSEN,**<br><br>   **Defendants/Counter-Claimants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:22-cv-00145-TC-JCB**<br><br>**District Judge Tena Campbell**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are two motions from Defendants Midwest Office, Inc. dba Midwest Commercial Interiors dba Midwest Office-Interior Systems dba Midwest Office dba Bargain Office Outfitters, Jeremy Bradley, Sean Wright, Marshall Tate and Tami Shulsen (collectively, "Defendants"): Short Form Discovery Motion for Protective Order Regarding Investigation of Prior Complaint by Former Employee[2] and Short Form Discovery Motion for Protective Order Regarding Current Employee.[3] The court heard oral argument on the

---

[1] ECF No. 12.

[2] ECF No. 32.

[3] ECF No. 34.

motions on December 6, 2023, and, at the conclusion of the hearing, took the motions under advisement.[4] Having carefully considered the parties' written memoranda and counsel's oral arguments, the court issues the instant Memorandum Decision and Order. Based upon the analysis set forth below, the court denies Defendants' motion for protective order prohibiting Plaintiff Casandra Tingey ("Ms. Tingey") from taking the oral depositions of current Midwest Office, Inc., ("MWCI") employee A.S. and former MWCI employee E.S. The court reserves on the issue of whether to compel Defendants' responses to Ms. Tingey's discovery requests related to the investigation of E.S.'s internal sexual harassment complaint against former employee H.W.[5] while the court conducts an *in camera* review to determine whether the requested documents are attorney-client privileged as Defendants assert.[6]

## BACKGROUND

Ms. Tingey alleges that while she was employed by MWCI, she was sexually assaulted by MWCI install technician Jeremy Bradley ("Mr. Bradley") on an out-of-state business trip.[7] Ms. Tingey alleges that MWCI failed to take appropriate action against Mr. Bradley after she reported the incident to her supervisors and failed to protect her from further interactions with

---

[4] ECF No. 39.

[5] ECF No. 32-1, ECF No. 32-2 (RFP Nos. 12, 16, 17; Interrogatories 16, 17).

[6] Although Defendants asserted attorney-client privilege in objecting to Ms. Tingey's requests, Defendants did not brief this issue in ECF Nos. 32 and 34 nor produce a privilege log that would allow the court to rule on the privileged nature of the materials. Therefore, the court ordered Defendants to submit the withheld documents to the court for *in camera* review. The court also ordered additional briefing on the attorney-client privilege issue. ECF No. 39.

[7] ECF No. 2-2 at 2.

Mr. Bradley.[8] Ms. Tingey alleges that following the alleged incident, MWCI (a) punished Ms.

Tingey for her conduct during the business trip; (b) subjected Ms. Tingey to additional sexual

harassment; (c) altered the terms, conditions, and privileges associated with Ms. Tingey's

employment; (d) subjected Ms. Tingey to a hostile work environment; (e) took adverse

employment actions against Ms. Tingey because of her sex; and (f) constructively terminated

Ms. Tingey.[9] Among other causes of action, Ms. Tingey asserts hostile work environment sexual

harassment in violation of Title VII.[10]

     At oral argument, Ms. Tingey's counsel stated that Ms. Tingey seeks to depose current

MWCI employee A.S. and former employee E.S. to collect information regarding the existence

of a hostile work environment at MWCI as Ms. Tingey believes A.S. and E.S. have made claims

of harassment against supervisors at MWCI.

**ANALYSIS**

     Ms. Tingey is permitted to take oral depositions of A.S. and E.S. because the information

sought is relevant to the claims and defenses in this action and proportional to the needs of the

case. Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issue, and

---

[8] *Id.*

[9] *Id.*

[10] *Id.* at 19-26.

3

> whether the burden or expense of the proposed discovery outweighs
> its likely benefit.[11]

Although Rule 26(b) changed in the 2015 amendments, the post-2015 rule 26(b) standard for scope of discovery is "still broad."[12] The information sought is sufficiently relevant to the claims and defenses in this action and is proportionate to the needs of the case.

First, seeking information from others about which Ms. Tingey was aware regarding the nature of the environment at work is relevant for the hostile work environment claims. "A plaintiff may prove the existence of hostile work environment sexual harassment in violation of Title VII where [sexual] conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."[13] The Court of Appeals for the Tenth Circuit has held that evidence of a general work atmosphere, including evidence of harassment directed toward other employees, may be considered in evaluating a hostile work environment claim.[14] However, a Plaintiff asserting a hostile work environment claim may only rely on evidence relating to harassment *of which she*

---

[11] Fed. R. Civ. P. 26(b)(1).

[12] *See, e.g., Kennicott v. Sandia Corp.*, 327. F.R.D. 454, 476 (D.N.M. 2018) (affirming magistrate judge because magistrate judge and other judges "accurately reason from the post-2015 rule 26(b) standard for the scope of discovery and conclude that discovery in employment discrimination cases is still broad" albeit "not limitless").

[13] *Hirase–Doi v. U.S. West Comm., Inc.*, 61 F.3d 777, 782 (10th Cir. 1995) (quotations and citations omitted) *abrogated on other grounds by Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998), *and Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

[14] *Id*; *see also Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415-16 (10th Cir. 1987) ("incidents of sexual harassment directed at employees other than the plaintiff can be used as proof of the plaintiff's claim of a hostile work environment."); *Stahl v. Sun Microsystems, Inc.*, 19 F.3d 533, 538 (10th Cir. 1994).

*was aware* during the time that she was allegedly subject to a hostile work environment.[15] Thus, if the testimony that A.S. and E.S. purportedly have will provide information about the nature of Ms. Tingey's work environment in terms of sexual hostility, their testimony is relevant.

At oral argument, Ms. Tingey's counsel represented that Ms. Tingey worked closely with A.S. and E.S. at MWCI and spoke with them often about what was going on at work despite working in different divisions of the company. Consequently, the anticipated testimony of A.S. and E.S. appears to inform as to what Ms. Tingey was aware of in terms of sexual hostility at the workplace and, therefore, would be relevant to Ms. Tingey's hostile work environment claim.

Second, the court finds that the burden the depositions of A.S. and E.S. place on Defendants is minimal compared to the potential benefit of Ms. Tingey collecting evidence regarding her claim of sexual harassment. Although A.S. asserts that she has never filed a complaint of sexual harassment at MWCI and cannot corroborate any of Ms. Tingey's allegations against Defendants, [16] Ms. Tingey believes the facts to be otherwise. If Ms. Tingey is correct, then the burden on Defendants is limited to preparing A.S. for a deposition that may provide significant information of benefit to the claims and defenses at issue here. If A.S. deposes consistent with her declaration, then that deposition is likely to be quite brief and, therefore, of minimal burden to the parties. Although depositions certainly impose costs on the parties, if MWCI prevails in this action, it can recover those costs after judgment is entered. Additionally, if E.S. is ever located, then obtaining her testimony about the sexual hostility of the work atmosphere also places a minimal burden on MWCI to prepare a witness for a deposition.

---

[15] *Hirase-Doi*, 61 F.3d at 782.

[16] ECF No. 34-1.

Obviously, if E.S. is never located, then there is no burden for the deposition. Therefore,

allowing the depositions to go forward is both relevant to the claims and defenses and

proportional to the needs of the case.

IT IS SO ORDERED.

DATED this 8th day of December 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

6