THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CASANDRA TINGEY,**<br><br>   Plaintiff/Counter-Defendant,<br><br>v.<br><br>**MIDWEST OFFICE, INC. dba MIDWEST COMMERCIAL INTERIORS dba MID-WEST OFFICE-INTERIOR SYSTEMS dba MIDWEST OFFICE dba BARGAIN OFFICE OUTFITTERS; JEREMY BRADLEY; SEAN WRIGHT; MARSHALL TATE; and TAMI SHULSEN,**<br><br>   Defendants/Counter-Claimants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-cv-00145-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants/Counter-Claimants Midwest Office, Inc. dba Midwest Commercial Interiors dba Mid-west Office-Interior Systems dba Midwest Office dba Bargain Office Outfitters ("MWCI"), Jeremy Bradley, Sean Wright, Marshall Tate, and Tami Shulsen's (collectively, "Defendants") Short Form Discovery Motion for Protective Order Regarding Investigation of Prior Complaint by Former Employee.[2] The court heard oral argument on the motion on December 6, 2023, and, at the conclusion of the

---

[1] ECF No. 12.

[2] ECF No. 32.

hearing, took the motion under advisement.[3] Although Defendants asserted the attorney-client privilege and the work-product doctrine in objecting to Plaintiff Casandra Tingey's ("Ms. Tingey") requests for production, Defendants did not brief this issue in their motion, nor did Defendants produce a privilege log that would allow the court to rule on the privileged nature of the materials. Defendants asserted the privilege at the end of oral argument on the motion. Therefore, the court ordered Defendants to submit the withheld documents to the court for *in camera* review along with a privilege log and ordered additional briefing on the privilege issues.[4] After reviewing each challenged document and the parties' supplemental briefing,[5] the court provides a ruling on each document via the attached spreadsheet.[6] To provide context for the court's rulings on each document, the court begins by setting forth the legal requirements for attorney-client privilege and work-product protection then applies these standards to its analysis of the reviewed materials. Upon concluding that some documents or portions of documents cannot be withheld based on any privilege or protection, the court grants in part and denies in part Defendants' motion.[7]

---

[3] ECF No. 39.

[4] *Id.*

[5] ECF Nos. 43, 45, 54.

[6] The court will also provide this spreadsheet to the parties by email.

[7] ECF No. 32.

LEGAL STANDARDS

The court begins by setting forth the standards that it has used in evaluating Defendants' privilege claims. The court discusses the attorney-client privilege followed by the work-product doctrine.

I. **Attorney-Client Privilege**

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[8] Rule 501 of the Federal Rules of Evidence dictates how privilege is determined.[9] Because the claim under which the investigation materials are sought arises under federal law, federal common law governs the claims of privilege.[10] Under federal common law, the attorney-client privilege "protects 'confidential communications by a client to an attorney made in order to obtain legal assistance' from the attorney in his capacity as a legal advisor."[11] The privilege also protects "attorney to client communications."[12] Additionally, the privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."[13] To this end, the Court of Appeals for the Seventh Circuit stated,

---

[8] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

[9] *ERA Franchise Sys., Inc. v. N. Ins. Co. of New York*, 183 F.R.D. 276, 278 (D. Kan. 1998).

[10] Fed. R. Evid. 501.

[11] *In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982*, 697 F.2d 277, 278 (10th Cir. 1983) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976).

[12] *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010).

[13] *Upjohn*, 449 U.S. at 390.

> [W]hen an attorney conducts a factual investigation in connection with the provision of legal services, any notes or memoranda documenting client interviews or other client communications in the course of the investigation are fully protected by the attorney-client privilege.[14]

"[W]hen an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged."[15] Even so, in a corporate setting, "communications from lower echelon employees [are] within the privilege as long as the communications were made to the attorney to assist him in giving legal advice to the client corporation."[16]

"The burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it."[17] "The party must bear the burden as to specific questions or documents, not by making a blanket claim."[18] The privilege "must be strictly construed and accepted only to the very limited extent that . . . excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."[19]

## II. Work-Product Doctrine

The work-product doctrine protects from discovery those documents, things, and mental impressions of a party or its representative, particularly its attorney, developed in anticipation of

---

[14] *Sandra T.E. v. South Berwyn Sch. Dist. 100*, 600 F.3d 612, 620 (7th Cir. 2010).

[15] *In re Grand Jury Proc.*, 616 F.3d at 1182.

[16] *United States v. El Paso Co.*, 682 F.2d 530, 538 n.8 (5th Cir. 1982) (citing *Upjohn Co.*, 449 U.S. at 391).

[17] *In re Grand Jury Subpoena*, 697 F.2d at 279.

[18] *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

[19] *Trammel v. United States*, 445 U.S. 40, 50 (1980) (quotations and citation omitted).

litigation.[20] The doctrine is not intended to protect work prepared in the ordinary course of business or investigative work unless it was done so under the supervision of an attorney in preparation "for the real and imminent threat of litigation or trial."[21] For the doctrine to apply, there must be a real and substantial probability that litigation will occur at the time the documents were created. There are two components in determining whether documents are prepared in anticipation of litigation. The first is the causation requirement—the primary motivating purpose for preparation of the document must be in anticipation of litigation rather than preparation in the ordinary course of business or preparation required by some external or internal mandate.[22] The second component imposes a reasonableness limit on a party's anticipation of litigation—the threat of litigation must be real and imminent.[23] Therefore, a party

---

[20] Fed. R. Civ. P. 26(b)(3).

[21] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007).

[22] If materials are produced in the ordinary and regular course of a discovery opponent's business, and not to prepare for litigation, they are outside the scope of the work-product doctrine. Fed. R. Civ. P. 26(b)(3) advisory committee's note to 1970 amendment. Accordingly, even if litigation is imminent, there is no work-product immunity for documents prepared in the ordinary course of business rather than for litigation purposes. *Binks Mfg. Co. v. Nat'l Presto Indus.*, 709 F.2d 1109, 1119 (7th Cir. 1983); Charles Alan Wright & Arthur R. Miller, 8 Fed. Prac. and Proc., Civ., § 2024 (3d ed. 2023). That is to say, the mere fact that a discovery opponent anticipates litigation does not qualify an "in-house" document as work product. *Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982); s*ee, e.g.*, *Fine v. ESPN, Inc.*, No. 5:12-CV-0836, 2015 WL 3447690, at *7 (N.D.N.Y. May 28, 2015) ("[W]hile the Jones Affidavit states that the University anticipated litigation at the time of the 2005 investigation . . . , it offers no evidence, nor does the University claim now, that the documents produced during the investigation would not have been prepared in the same form absent the prospect of litigation . . . .").

[23] Because litigation can be anticipated, in a general sense, at the time almost any incident occurs—thus closing off much pertinent discovery—courts have interpreted the Rule to require a higher standard of anticipation to give a reasonable scope to the protection. There are many formulations of this level of threat, but the cases generally concur that a party must show more than a remote prospect, an inchoate possibility, or a likely chance of litigation. *See, e.g.*,

claiming work-product protection must demonstrate the document was prepared principally or exclusively to assist in anticipated or ongoing litigation and establish the underlying nexus between the preparation of the document and the specific litigation.[24]

## ANALYSIS

Based upon the court's *in camera* review of the withheld documents, the court concludes: (I) the investigation was motivated by MWCI's request for legal advice from attorney Matt Durham ("Mr. Durham") and thus investigation materials are protected from disclosure under the attorney-client privilege; (II) the materials Mr. Durham created during the investigation are protected from disclosure under the work-product doctrine because they were produced in anticipation of litigation and share Mr. Durham's impressions and strategy with MWCI; however, (III) purely logistical communications contained within the investigation documents are not protected by the attorney-client privilege or work-product doctrine. Applying this reasoning, (IV) the court provides a ruling on each document in Defendants' privilege log via the attached spreadsheet and orders Defendants to redact and produce those documents or portions of documents that cannot be withheld based on attorney-client privilege or work product protection.

---

*Kannaday v. Ball*, 292 F.R.D. 640, 649 (D. Kan. 2013) (stating that the "reasonableness limit on a party's anticipation of litigation" requires the threat of litigation to be "real" and "imminent"); *Leonen v. Johns–Manville*, 135 F.R.D. 94, 97 (D.N.J. 1990) (providing that there must be "an identifiable specific claim or impending litigation when the materials were prepared" for the protection to apply); *Carver v. Allstate Ins. Co.*, 94 F.R.D. 131, 134 (S.D. Ga. 1982) (explaining that the concern is no longer "with the contingency of litigation" but whether the probability of litigation is "substantial and imminent"); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980) (stating that a party must demonstrate that "at the very least some articulable claim, likely to lead to litigation" had arisen).

[24] *Kannaday*, 292 F.R.D. at 648-49.

    **I.    The Investigation Was Motivated by MWCI's Request for Legal Advice from Mr. Durham and Thus Investigation Materials Are Protected from Disclosure Under the Attorney-Client Privilege.**

The documents and communications withheld by Defendants as privileged all relate to a 2019 investigation conducted by Mr. Durham regarding former MWCI employee E.S.'s internal complaint of sexual harassment.[25] The withheld investigation documents are protected by the attorney-client privilege because Mr. Durham was retained to investigate and interview MWCI employees to provide legal advice to MWCI about E.S.'s internal complaint. When an attorney's "investigation of the factual circumstances surrounding the [events] [is] an integral part of the package of legal services for which it was hired and a necessary prerequisite to the provision of legal advice about how the [client] should respond," such investigation is protected by the attorney-client privilege.[26] "The relevant question is not whether [the attorney] was retained to conduct an investigation, but rather, whether this investigation was related to the rendition of legal services."[27] The court concludes that it was.

In an affidavit attached to Defendants' supplemental brief,[28] Mr. Durham represents that MWCI asked him to conduct this investigation *in order to provide legal advice* regarding the merits of E.S.'s complaint, the company's potential liability, and the corrective action that MWCI should take against the alleged perpetrator (H.W.).[29] Mr. Durham personally interviewed E.S.,

---

[25] ECF No. 43-1 at 2.

[26] *Sandra T.E.*, 600 F.3d at 620.

[27] *In re Allen*, 106 F.3d 582, 603 (4th Cir. 1997) (quotations omitted).

[28] ECF No. 43-1.

[29] ECF No. 43-1 at 2 (emphasis added).

H.W., the in-house human resources representative, and two other individuals whose identities Mr. Durham cannot recall.[30] Mr. Durham represents that, during these interviews, he would have advised the witnesses that he was retained by MWCI as legal counsel and he was conducting an investigation for the purpose of providing legal advice to the company.[31] Additionally, Mr. Durham represents that he would have advised the witnesses that their communications during the interview were privileged and should not be shared with other individuals.[32] Following these interviews, Mr. Durham analyzed the information obtained from the witnesses, summarized relevant aspects for purposes of his analysis, and used this information to advise MWCI on the merits of any potential legal claim from E.S., MWCI's potential liability, and corrective action MWCI might take against H.W.[33] Mr. Durham also provided legal advice to MWCI during calls and meetings with MWCI executives.[34]

In finding that the investigation was conducted for the purpose of providing legal advice to MWCI, the court concludes that the attorney-client privilege applies to all communications within the investigation documents that contain Mr. Durham's legal advice and strategy concerning the E.S. investigation at MWCI. After *in camera* review, the court finds that the following documents listed in Defendants' privilege log are protected from disclosure on this basis: 1, 5, 6, 10, and 11. A small selection of document 16 may be redacted prior to production

---

[30] *Id.*

[31] *Id.* at 3.

[32] *Id.*

[33] *Id.*

[34] *Id.*

on this basis.[35] Finally, any revisions and comments made by Mr. Durham regarding the MWCI employee handbook,[36] are protected from disclosure.

**II.    The Materials Mr. Durham Created During the Investigation Are Protected from Disclosure Under the Work-Product Doctrine Because They Were Produced in Anticipation of Litigation and Share Mr. Durham's Impressions and Strategy with MWCI.**

Defendants have also demonstrated that the materials Mr. Durham created during the investigation are protected from disclosure under the work-product doctrine because they were produced in anticipation of litigation and share Mr. Durham's impressions and strategy with MWCI. The court first concludes that the primary motivating purpose for the preparation of the relevant documents and communications was anticipation of litigation rather than preparation in the ordinary course of business. The investigation materials would not have been prepared—nor would Mr. Durham have been retained—but for the prospect of litigation arising from E.S.'s complaint. Thus, the withheld documents that include written summaries of Mr. Durham's interviews of MWCI employees, communications that contain Mr. Durham's thoughts and opinions with respect to the merits of any potential legal claim from E.S. as well as MWCI's potential liability, and communications in which Mr. Durham offers MWCI any other impressions or strategy are all subject to work-product protection.

The court also concludes that the threat of litigation was real or imminent. A real or imminent threat of litigation exists when a claim is "identifiable" or "articulable" and such claim

---

[35] See attached spreadsheet for specific instructions.

[36] Attachment to document 4 listed in Defendants' privilege log.

was "likely to lead to litigation" at the time the document was created.[37] When E.S. submitted her internal complaint alleging sexual harassment, she identified and articulated a potential Title VII claim for sex discrimination. MWCI then sought legal services from Mr. Durham to prepare MWCI for what might arise legally. In light of the nature of the documents the court has reviewed, and the factual situation of the E.S. investigation, the documents and communications between Mr. Durham and MWCI can fairly be said to have been prepared because of the real prospect of litigation.[38] Accordingly, after *in camera* review, the court finds that the following documents listed in Defendants' privilege log are protected from disclosure on this basis: 2, 5, 6, 8, 10, 11, and 13.

### III.     Purely Logical Communications Contained Within the Investigation Documents Are Not Protected by the Attorney-Client Privilege or Work-Product Doctrine.

After conducting *in camera* review, the court determines that some of the communications withheld by Defendants are purely logistical, such as email correspondences scheduling meetings to discuss the status of the investigation and, thus, cannot be withheld based on the attorney-client privilege or the work-product doctrine. These are documents or portions of communications that contain no legal analysis or attorney impressions. Accordingly, the court

---

[37] *Strand v. Usana Health Sci., Inc.*, No. 2:17-cv-00925-HCN-JCB, 2021 WL 3055608, at *2 n.19 (D. Utah July 20, 2021).

[38] *See, e.g.*, Wright & Miller, 8 Fed. Prac. and Proc., Civ., § 2024 (3d ed. 2023) ("Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.").

orders Defendants to produce documents 3 and 19. The court also orders Defendants to redact and produce the following documents on this basis: 4, 7, 9, 12, 14, 15, 16, 17, and 18.[39]

### IV. Individual Rulings on Withheld Documents

The court provides a ruling on each document in Defendants' privilege log via the attached spreadsheet and orders Defendants to redact and produce those documents or portions of documents that cannot be withheld based on any privilege or protection.[40] The court will also provide this spreadsheet to the parties by email.

---

[39] See attached spreadsheet for specific instructions.

[40] In her supplemental brief, Ms. Tingey did not make individual challenges to each document listed in Defendants' privilege log. Therefore, in this spreadsheet, the court summarizes what appear to be Ms. Tingey's relevant objections to each document. Generally, Ms. Tingey argues that advice sought from Mr. Durham occurred in the normal course of business as a human resources recommendation, not as legal advice, and there was no anticipation of litigation at the time E.S. raised her complaint. The court has addressed these challenges in its above analysis. Ms. Tingey also argues that she has a right to discovery that might assist her in establishing a pervasively hostile workplace environment. The court agrees that Ms. Tingey has a right to discovery that is sufficiently relevant to the claims and defenses in this action and proportionate to the needs of this case and, therefore, has already ruled that Ms. Tingey may take E.S.'s deposition to gain information about this investigation. ECF No. 40. Ms. Tingey is also entitled to those documents listed in the spreadsheet that are not subject to any privilege or protection.

| Document Number | Email Subject | Description | MWCI Reason | Tingey Challenge | Court Disposition |
|---|---|---|---|---|---|
| 1 | CONFIDENTIAL - Misconduct Investigation | Correspondence outlining allegations regarding Hal and his responses | Attorney-Client Privilege | MWCI has failed to show the investigation and materials prepared by Mr. Durham were prepared for the primary purpose of receiving legal advice. Rather, Mr. Durham's notes were prepared in the ordinary course of business of investigating complaints of sexual harassment in the workplace. | Yes, protected by attorney-client privilege. |
| 2 | | Attachment to above email [Document No. 2]: MWOI Misconduct Investigation Summary of Allegatons | Attorney-Client Privilege/Work Product | This was not prepared in anticipation of litigation. | Yes, protected by work product doctrine. |
| 3 | Emily | Correspondence regarding meeting with Emily | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | No, cannot be withheld based on any privilege or protection. |
| 4 | Follow-up | Correspondence regarding remaining interview | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. Email sent 01/11/2019 at 5:43 PM cannot be withheld based on any privilege or protection. However, revisions and comments about the employee handbook are protected by attorney-client privilege and if this is an attachment to the email it can be withheld on this basis. Last sentence of email sent on 06/24/19 at 10:24 AM protected by work-product doctrine. |
| 5 | FW: CONFIDENTIAL - Misconduct Investigation | Correspondence regarding follow up conversation with Emily | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Yes, protected by attorney-client privilege and work product doctrine. |
| 6 | FW: CONFIDENTIAL - Misconduct Investigation | Correspondence to arrange a follow up interview with Emily | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Yes, protected by attorney-client privilege and work product doctrine. |
| 7 | FW: investigation | Correspondence forwarding email that did not send as thought | Attorney Client | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. First and second sentences of email sent on 06/27/2019 at 11:25 AM protected by work product doctrine. Email sent on 06/27/2019 at 11:41 AM protected by work product doctrine. Emails sent 06/27/2019 at 11:37 AM, 1:16 PM, 2:33 PM, and 2:35 PM cannot be withheld based on any privilege or protection. |
| 8 | Investigation - Text Messages | Correspondence regarding call from Emily | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Yes, protected by work product doctrine. |
| 9 | Investigation | Correspondence regarding meeting with Hal | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. First sentence protected by work product doctrine. Second sentence cannot be withheld based on any privilege or protection. |
| 10 | Investigation | Correspondence with updated summary of allegations from employee interviews | Attorney-Client Privilege | MWCI has failed to show the investigation and materials prepared by Mr. Durham were prepared for the primary purpose of receiving legal advice. Rather, Mr. Durham's notes were prepared in the ordinary course of business of investigating complaints of sexual harassment in the workplace. This was not prepared in anticipation of litigation. | Yes, protected by attorney-client privilege and work product doctrine. |
| 11 | | Attachment to above email: MWOI Misconduct investigation Summary of Allegations with redlines | Attorney-Client Privilege/Work Product | This was not prepared in anticipation of litigation. | Yes, protected by attorney-client privilege and work product doctrine. |
| 12 | RE: Emily | "Calling now" | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. Emails sent 06/28/2019 at 10:42 AM and 2:50 PM protected by work product doctrine. Email sent on 06/28/2019 at 3:02 PM cannot be withheld based on any privilege or protection. |
| 13 | RE: Emily | Correspondence regarding a call with Sean and Marshall | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Yes, protected by work product doctrine. |
| 14 | Re: Investigation | Correspondence confirming time to meet Marshall and Sean | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. First and second sentences of email sent on 06/27/2019 at 11:25 AM protected by work product doctrine. Email sent on 06/27/2019 at 11:41 AM protected by work product doctrine. Emails sent on 06/27/2019 at 11:37 AM, 1:16 PM, and 2:33 PM cannot be withheld based on any privilege or protection. |
| 15 | RE: Investigation | Correspondence regarding a phone call with Sean | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. First and second sentences of email sent on 06/27/2019 at 11:25 AM protected by work product doctrine. Email sent on 06/27/2019 at 11:41 AM protected by work product doctrine. Emails sent on 06/27/2019 at 11:37 AM cannot be withheld based on any privilege or protection. |
| 16 | Re: Investigation | Correspondence regarding reserving time to discuss next steps | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. First and second sentences of email sent on 06/27/2019 at 11:25 AM protected by work product doctrine. Email sent on 06/27/2019 at 11:41 AM protected by work product doctrine. Third sentence of email sent on 06/27/2019 at 2:44 PM protected by attorney-client privilege. Emails sent on 06/27/2019 at 11:37 AM, 1:16 PM, 2:33 PM, 2:35 PM, and 3:27 PM cannot be withheld based on any privilege or protection. |
| 17 | RE: Midwest Interviews | Correspondence regarding timeline for summary of interviews | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. Email sent on 07/03/2019 at 2:25 PM protected by work product doctrine. Email sent on 07/03/2019 at 3:58 PM cannot be withheld based on any privilege or protection. |
| 18 | RE: Next Steps | Correspondence asking if Sean has a minute to talk | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | Redact and produce. Email sent on 06/25/2019 at 3:55 PM protected by work product doctrine. Email sent on 06/25/2019 at 5:24 PM cannot be withheld based on any privilege or protection. |
| 19 | Update | Correspondence regarding Hal's contacts with Matt | Attorney-Client Privilege | Description insufficient to determine if privilege protection should attach. Correspondence to set up meeting is merely procedural and not protected legal advice. | No, cannot be withheld based on any privilege or protection. |

## CONCLUSION AND ORDER

Based upon the forgoing analysis, the court GRANTS IN PART AND DENIES IN PART Defendants' Short Form Discovery Motion for Protective Order Regarding Investigation of Prior Complaint by Former Employee.[41] The court orders as follows:

1. Document Nos. 1, 2, 5, 6, 8, 10, 11, and 13 are protected from disclosure.

2. Document Nos. 4, 7, 9, 12, 14, 15, 16, 17, and 18 shall be redacted and produced according to the court's instruction.

3. Document Nos. 3 and 19 shall be produced without redactions.

IT IS SO ORDERED.

DATED this 7th day of February 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[41] ECF No. 32.