THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CASANDRA TINGEY,**<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>**MIDWEST OFFICE, INC., dba MIDWEST COMMERCIAL INTERIORS dba MID-WEST OFFICE-INTERIOR SYSTEMS dba MIDWEST OFFICE dba BARGAIN OFFICE OUTFITTERS; JEREMY BRADLEY; SEAN WRIGHT; MARSHALL TATE; and TAMI SHULSEN,**<br><br>Defendants/Counter-Claimants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-cv-00145-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants/Counter-Claimants Midwest Office, Inc. dba Midwest Commercial Interiors dba Mid-west Office-Interior Systems dba Midwest Office dba Bargain Office Outfitters ("MWCI"), Jeremy Bradley, Sean Wright, Marshall Tate, and Tami Shulsen's (collectively, "Defendants") Short Form Discovery Motion requesting fees under Fed. R. Civ. P. 37(b)(2)(C).[2] Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based on the analysis set forth below, the court grants Defendants' motion and orders Defendants

---

[1] ECF No. 12.

[2] ECF No. 61.

to submit to Plaintiff Casandra Tingey ("Ms. Tingey") an affidavit and cost memorandum detailing the amount of reasonable expenses, including attorney fees, that Defendants incurred (1) in connection with the Rule 35 exam on March 8, 2024 and (2) in preparing and filing this motion for fees.

## BACKGROUND

Based upon the parties' stipulation, the court ordered that Ms. Tingey undergo a Fed. R. Civ. P. 35 examination on February 27, 2024 or, if rescheduled for any reason, no later than March 13, 2024.[3] Ms. Tingey requested to reschedule the Rule 35 exam, and the parties reset the exam for March 8, 2024 to take place in a private study room at the Granite Library.[4] Ms. Tingey appeared for the exam on this date but terminated the exam after only 27 minutes after claiming that she was having a panic attack because some of the furniture in the library reminded her of Defendant MWCI.[5] Counsel conferred to once again reschedule the exam for April 26, 2024,[6] and the court granted this request.[7] Defendants now seek reasonable expert fees incurred in connection with the exam on March 8, 2024, which Ms. Tingey left after 27 minutes, as well as reasonable attorney fees incurred in meeting and conferring with Ms. Tingey's counsel and bringing the instant motion for fees.[8]

---

[3] ECF No. 58.

[4] ECF No. 61 at 2.

[5] *Id.*

[6] *Id.*

[7] ECF No. 69.

[8] ECF No. 61 at 3.

## ANALYSIS

The court grants Defendants' request for fees under Fed. R. Civ. P. 37(b)(2)(C). If a party fails to obey an order to provide or permit discovery, the court "*must* order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."[9] A position is "substantially justified" as consideration in whether to impose discovery sanctions, if it has a reasonable basis in both law in fact.[10] The court has ample discretion to determine whether "other circumstances" render unjust an award of costs and fees.[11]

The court finds that Ms. Tingey's failure to abide by a court order to undergo the Rule 35 exam on March 8 lacks a reasonable basis in fact or law. First, Ms. Tingey has not provided the court with any medical evidence that she experienced a panic attack on March 8. Second, the parties have been sensitive to Ms. Tingey's scheduling needs, and, after rescheduling the exam to accommodate Ms. Tingey, Defendants paid expert Dr. Benjamin Todd Thatcher to appear on March 8 to conduct Ms. Tingey's Rule 35 exam. Third, Ms. Tingey's counsel had trouble reaching Ms. Tingey to reschedule the exam after March 8 which resulted in more back-and-

---

[9] Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

[10] *See Smash Technology, LLC v. Smash Solutions, LLC*, No. 2:19-CV-00105-TC-JCB, 335 F.R.D. 438, 450 (D. Utah June 30, 2020).

[11] *Id.* (citing *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) ("Of course the trial court has discretion to withhold the award of expenses, including reasonable attorney's fees, on an affirmative finding that the noncompliance was substantially justified or that other circumstances would make the award unjust.")).

forth between counsel. And finally, Ms. Tingey's assertion that she suffered a panic attack because of Defendants' actions improperly asks the court to assume that she wins on the merits of her claims to decide this motion, which the court cannot and will not do. Thus, Ms. Tingey's position is not substantially justified. Ms. Tingey has not provided the court with any circumstances, beyond what has already been discussed, that would make an award unjust. Despite Ms. Tingey's agreement and a court order to undergo a Rule 35 exam, Ms. Tingey has yet to comply. This warrants an award of costs and attorneys fees to Defendants.

      Thus, on or before May 8, 2024, Defendants shall submit to Ms. Tingey an affidavit and cost memorandum detailing the amount of reasonable expenses, including attorney fees, that Defendants incurred (1) in connection with the Rule 35 exam on March 8, 2024 and (2) in preparing and filing this motion for fees. The parties shall then have 14 days thereafter to attempt to stipulate to the amount of the award. If the parties can agree upon the amount, Ms. Tingey shall pay the stipulated expenses award to Defendants within 14 days thereafter. If the parties are unable to agree on the amount, Defendants shall promptly file their affidavit and cost memorandum with the court. Ms. Tingey will be provided with 7 days thereafter to file any response. Upon receipt of any such submissions, the court will determine the amount of the expenses award. Accordingly, the court GRANTS Defendants' motion requesting fees under Fed. R. Civ. P. 37(b)(2)(C).[12]

---

[12] ECF No. 61.

IT IS SO ORDERED.

DATED this 24th day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge